IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI



CHIANTI BOOTH                            PLAINTIFF

VS.                            Cause No. 1:14cv404 KS-RHW

DANOS & CUROLE MARINE
CONTRACTORS, LLC;
E&R ENVIRONMENTAL                            DEFENDANTS
SERVICES, LLC

## COMPLAINT

### JURY TRIAL REQUESTED

Plaintiff Chianti Booth hereby files this Complaint against Defendants Danos & Curole Marine Contractors, LLC, and E&R Environmental Services, LLC, and states as follows:

### PARTIES

1. Plaintiff Chianti Booth (hereinafter "Plaintiff") is an adult, resident citizen of Hancock County, Mississippi. At all times relevant hereto, Chianti Booth has resided in Hancock County, Mississippi.

2. Defendant Danos & Curole Marine Contractors, LLC, (hereinafter "Danos") is a business corporation organized and existing under the laws of the State of Louisiana, with its principal office and place of business in Louisiana. Danos' domicile address and mailing address is 13083 Highway 308, Larose, Louisiana, 70373, and Danos may be served with process by service on its agent for service of process, Khanh Labat at 13083 Highway 308, Larose, LA 70373.

3. Defendant E&R Environmental Services, LLC. (hereinafter "E&R") is a business corporation organized and existing under the laws of the state of Florida, with its principal office

and place of business in Florida. E&R's domicile address and mailing address is 6455 Powers Avenue, Jacksonville, Florida, 32217, and E&R may be served with process by service on its agent for service of process, Michael F. Greene, 6455 Powers Avenue, Jacksonville, Florida, 32217. On information and belief, E&R was, as to all matters contained herein, a subcontractor of Danos.

4. At all times material hereto, each of the Defendants acted as agents and representatives of each of the other Defendants and used borrowed servants of each of the other Defendants. By design of the agreement between E&R and Danos, those entities' employees performing the oil spill work, were the borrowed servants of each other, and performed and carried out the business and activities of Danos and E&R as concerns the oil spill activities.

## JURISDICTION

5. Jurisdiction over the subject matter and the Defendant in this case is proper pursuant to 28 U.S.C. § 1332, as Plaintiff and the Defendants are from different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, this is a claim governed by the Jones Act, 46 U.S.C. § 688, and the General Maritime Law brought before this Honorable Court pursuant to 28 U.S.C. § 1333 and the admiralty and maritime jurisdiction of the District Courts of the United States.

## VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 because both Danos and E&R both reside in this judicial district, and a substantial part of acts and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

2

7. At all times relevant hereto, including, but not limited to October 24, 2012, Plaintiff was a seaman and worker employed by Danos and its subcontractor, E&R, as a member of the crew of a vessel or fleet of vessels, including but not limited to the "Mallory Grace," with such vessel and fleet of vessels in operation in and on the navigable waters of the United States.

8. On information and belief, Danos contracted with E&R to provide certain consultation and services for Danos employees, including, but not limited to E&R operating vessels and with E&R providing "clean up" duties and work, and related activities, concerning the BP Deepwater Horizon Oil Spill.

9. E&R employed Plaintiff related to those activities and E&R's contract with Danos.

10. At all times relevant hereto, Plaintiff was a borrowed servant and employee of Danos, and Plaintiff's activities benefited Danos.

11. Plaintiff was intended as a third party beneficiary of the contract(s) between Danos and E&R.

12. Defendants negligently, grossly negligently, willfully and/or intentionally failed to provide adequate, safe, functional training methods, training procedures, training facilities to Plaintiff, and they negligently, grossly negligently, willfully and/or intentionally failed to provide adequate, safe, functional and appropriate vessels on which Plaintiff traveled in her work duties, and failed to provide adequate seating and capacity for Plaintiff and the other persons traveling on the Mallory Grace, which Defendants used to perform their contracted duties.

13. On or around October 24, 2012, while in the course and scope of her employment, and while in the service of the vessel the "Mallory Grace" and/or in the service of a fleet of vessels, Plaintiff sustained serious, continuing, and disabling injuries to her mind and body, all as

a result of Danos, and E&R's aforementioned negligence, gross negligence, willful conduct, intentional conduct, unseaworthy conditions, gear and appurtenances, and unsafe working conditions, training practices, and training and working procedures, and failure to provide a vessel with sufficient capacity and loading, and because of Defendants' improper acts of overloading the vessel so as to save them expenses and costs in the conduct of their activities.

14. As a result of Defendants' negligence, the unseaworthiness of the vessels and fleets of vessels, gear and appurtenances, and unsafe working conditions, training practices, and training and working procedures, Plaintiff was rendered disabled, unable to work, and requiring of medical care, attention and procedures to improve her condition.

15. By reason of said injuries, Plaintiff has suffered and will suffer great pain and agony and mental anguish; has paid out and will pay out substantial sums of money for medical and surgical attention, rehabilitation and medication; has lost and will lose substantial sums of money which she otherwise would have earned; has been permanently injured and has sustained a loss of earning capacity and will be unable to pursue her usual occupation because of the permanency of her injuries; and will incur future medical care and procedure still needed and required to improve her condition and repair her injuries.

## COUNT I

## JONES ACT

16. Plaintiff hereby incorporates by reference each and every allegation in Paragraphs 1 through 15 as if completely restated herein.

17. Plaintiff's injuries, mental and physical suffering, were suffered in the course and scope of her employment and while in the service of a vessel the "Mallory Grace" or a fleet of vessels.

18.     Plaintiff's injuries, mental and physical suffering were caused by Defendants' and/or their officers, agents, or employees' negligence, gross negligence, willful conduct and intentional conduct and breach of duties to Plaintiff.

19.     Plaintiff's so caused injuries, mental and physical suffering caused her damages in excess of $75,000.00.

## COUNT II

## MAINTENANCE AND CURE

20.     Plaintiff hereby incorporates by reference each and every allegation in Paragraphs 1 through 19 as if completely restated herein.

21.     Danos and E&R, as employers of Plaintiff and operators and directors of the activities of Plaintiff, owe her a duty to provide maintenance and cure to her for injuries she sustains in the course and scope of her employment.

22.     Plaintiff suffered injuries while she was in the course and scope of her employment, and she has not reached maximum medical improvement.

23.     Defendants failed to provide Plaintiff with maintenance and cure after she suffered her injuries.

24.     Defendants breached their absolute duty to provide Plaintiff with maintenance and cure.

## COUNT V

## NEGLIGENCE AND GROSS NEGLIGENCE

25. Plaintiff hereby incorporates by reference each and every allegation in Paragraphs 1 through 24 as if completely restated herein.

26. Defendants had duties to provide safe, adequate, functional equipment, appurtenances and gear to Plaintiff.

27. Defendants had duties to obtain and provide safe working conditions, safe training procedures, and to otherwise provide a safe environment to Plaintiff.

28. Defendants had duties to reasonably perform all tasks, procedures and training they undertook to perform for Plaintiff.

29. Defendants had duties to in a reasonable manner obtain and provide Plaintiff training and services, particularly, but not limited to, the procedures and training in which Defendant(s) forced Plaintiff to participate.

30. Defendants negligently, grossly negligently, willfully and/or intentionally breached of the aforementioned duties it owed to Plaintiff.

31. As a direct, foreseeable consequence of such negligence, gross negligence, willful conduct, and/or intentional conduct by Defendants, Plaintiff suffered the aforementioned injuries, pain and suffering, and continues to so suffer.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief against Defendants:

a. All actual and compensatory damages Plaintiff suffered and continues to suffer;

b. Consequential and exemplary damages, and damages for emotional distress;

c. Prejudgment and postjudgment interest;

d. Costs of suit and attorneys' fees;

e. All other relief the Court deems appropriate;

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: October 24, 2014.

                                        Respectfully submitted,

                          By: _____
                                Gary M. Yarborough, Jr. (MS Bar #102310)
                                845-B Hwy. 90
                                Bay St. Louis, MS 39520
                                Tel: (228) 467-5771
                                Fax: (228) 467-5774
                                Email: ylf.garyyarborough@att.net